## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.

SALVADOR ZAMORA-GUTIERREZ (01),

      Defendant.

Case No. 14-40134-01-DDC

## MEMORANDUM AND ORDER

This matter comes before the court on pro se[1] prisoner Salvador Zamora-Gutierrez's (1) motion for compassionate release styled as a "petition" (Doc. 73), and (2) motion for an order correcting his Presentence Investigation Report (Doc. 79). The government responded to each. *See* Doc. 78; Doc. 82. Mr. Zamora-Gutierrez did not file a Reply to either and the time to do so has expired. The court elects to resolve the two motions together in this Order.

For reasons explained below, the court dismisses both motions.

### I.      Background

In October 2014, a grand jury returned a four count Indictment charging Mr. Zamora-Gutierrez with conduct violating 21 U.S.C. §§ 843(b), 846. Doc. 1 at 1–4. He "absconded while on pretrial supervision and failed to appear for his change of plea hearing." Doc. 49 at 16 (PSR ¶ 71). After traveling to Mexico, *id.* at 28 (PSR ¶ 145), Mr. Zamora-Gutierrez "was later arrested

---

[1]    Because Mr. Zamora-Gutierrez proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

in Laredo, Texas and returned in custody to face prosecution of the charges as stated in the Indictment[,]" *id.* at 16 (PSR ¶ 71).

In January 2016, Mr. Zamora-Gutierrez entered a plea agreement with the government. Doc. 37; Doc. 38.  He pleaded guilty to conspiracy to possess with the intent to distribute and dispense 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.  Doc. 38 at 1.  On March 13, 2017, the court sentenced Mr. Zamora-Gutierrez to 84 months' imprisonment plus five years of supervised release.  *See* Doc. 62 at 2–3 (Judgment).

He is serving that sentence at FCI Yazoo City Low in Mississippi.  Doc. 73 at 1.  He asserts that the content of his Presentence Investigation Report disqualifies him from benefiting from time credits for completing the Residential Drug Treatment Program (RDAP).  Doc. 79 at 1–3.  He reports separately that his facility has seen more than 100 cases of COVID-19 and one death due to the virus.  Doc. 73 at 2–4.  He also asserts that he submitted a compassionate release "petition" to the warden on April 28, 2020 and has not received a response.  *Id.* at 4.

The court now considers Mr. Zamora-Gutierrez's two motions.  *First*, the court considers the motion to amend his Presentence Investigation Report (Doc. 79).  *Second*, the court considers the motion for compassionate release (Doc. 73).

## II.    Motion to Amend the Presentence Investigation Report (Doc. 79)

Mr. Zamora-Gutierrez filed a pro se motion under Rule 60(b)(6) or 28 U.S.C. § 2255 asking the court to change his Presentence Investigation Report (PSR).  *See* Doc. 79 at 1.  He requests the court to redact "any such information by which [he] might be barred or prevented from getting the credit and time off as reward for successful completion" of the Residential Drug Treatment Program (RDAP).  *Id.*  Mr. Zamora-Gutierrez asserts that because the report mentions

"certain matters" he will not earn the credit that ordinarily follows completing RDAP.  *Id.* at 2–3.  His motion notes that at least one district court has removed a defendant's disqualifying entry from the PSR to allow defendant to benefit from the RDAP credit.  *See id.* at 2 (citing *United States v. Fraley*, Nos. 05-188-KSF, 07-18-KSF, 2007 U.S. Dist. LEXIS 47118 (E.D. Ky. June 27, 2007)).

The government opposes his request on several grounds.  *First*, the government argues that Mr. Zamora-Gutierrez properly cannot bring this motion under 28 U.S.C. § 2255 or Rule 60.  Doc. 82 at 5–7, 10–11.  The government argues that § 2255 is unavailable because (1) Mr. Zamora-Gutierrez waived his right to collaterally attack his sentence, and (2) any motion under § 2255 would be untimely.  *Id.* at 4–7.  *Second*, the government argues that Rule 60 does not apply here.  *Id.* at 10–11.  *Third*, the government argues that even if Mr. Zamora-Gutierrez had a proper way to bring his request, his case does not warrant any change to his PSR.  *Id.* at 7–10.

The court concludes that neither Rule 60(b) nor § 2255 provide avenues of relief.  The court now explains its reasoning.

### A.  Legal standard

"'Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]'"  *United States v. James*, 728 F. App'x 818, 822 (10th Cir. 2018) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  "After entry of final judgment, a district court has jurisdiction only to the extent permitted by statute or rule."  *Id.*  The federal criminal offense jurisdiction statute—18 U.S.C. § 3231—"by itself doesn't give the district court jurisdiction over all post-conviction motions[.]"  *Id.* (citations and quotation marks omitted).

**B.  Whether Rule 60(b)(6) provides a potential avenue for relief**

Mr. Zamora-Gutierrez invites the court to construe his post-conviction motion as one under Federal Rule of Civil Procedure 60(b)(6).  *See* Doc. 79 at 5.  The government asserts that Rule 60(b) does not apply here.  Doc. 82 at 10–11.  The court agrees.

The parties overlook that this rule is one of civil procedure.  "Rule 60(b) does not apply to a criminal proceeding."  *United States v. Edge*, 315 F. App'x 92, 94–95 (10th Cir. 2009) (collecting cases).  To the extent this motion is one under Rule 60(b), the court thus lacks jurisdiction and must dismiss the motion.  *See id.* at 95–96 (vacating district court's Order denying criminal defendant's Rule 60(b) motions and directing district court to dismiss them for lack of jurisdiction).

The court next considers whether another vehicle—28 U.S.C. § 2255—is viable.

**C.  Whether the court may construe the motion as one under 28 U.S.C. § 2255**

While Rule 60(b) offers no help here, Mr. Zamora-Gutierrez invites the court to construe his motion alternatively as one under 28 U.S.C. § 2255.  Doc. 79 at 1, 5.  The motion conditions that invitation on the motion being timely under that statute.  *See id.* at 1.  The circumstances here fail to satisfy that self-imposed condition.  The court now explains why.

**1.  Whether a motion under § 2255 would be timely**

Mr. Zamora-Gutierrez's § 2255 motion would be untimely.  "A habeas petitioner must file a § 2255 motion within one year of the date on which his conviction becomes final.  Where a defendant does not file a direct criminal appeal, his conviction becomes final when the time to file an appeal expires—14 days after judgment is entered."  *United States v. Barger*, 784 F. App'x 605, 607 (10th Cir. 2019) (first citing 28 U.S.C. § 2255(f)(1); then citing Fed. R. App. P. 4(b)(1)(A)(i); then citing *United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006)).

Here, Mr. Zamora-Gutierrez did not file a direct appeal and the court entered judgment against him on March 15, 2017. *See* Doc. 62. So, his conviction became final on March 30, 2017. Title 28 U.S.C. § 2255(f)(1) thus permitted Mr. Zamora-Gutierrez to file a timely motion under § 2255 until March 31, 2018. Long after that date, he filed this motion on July 16, 2020. Doc. 79. So, the motion is untimely unless statutory or equitable tolling apply. Neither do.

Mr. Zamora-Gutierrez does not argue that statutory tolling applies and does not claim factual innocence that might warrant an exception to the limitations period. *See Barger*, 784 F. App'x at 607 (concluding that neither statutory tolling nor an exception under *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) applied to defendant's untimely § 2255 motion).

"Equitable tolling is a judicially-crafted stopping of the clock that [courts] apply only in rare and exceptional circumstances[.]" *Id.* (citations and internal quotation marks omitted). "Under equitable tolling, a claimant can obtain additional time by showing that (1) the claimant was pursuing his or her rights diligently and (2) the delay was caused by an 'extraordinary circumstance' beyond his or her control." *United States v. Howard*, 800 F. App'x 679, 680 (10th Cir. 2020) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). But the "inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (citation and internal quotation marks omitted).

Here, Mr. Zamora-Gutierrez does not meet that burden. He asks for "any other warranted favorable relief[.]" Doc. 79 at 4. But he does not argue or assert facts showing that circumstances here can justify equitable tolling. So, Mr. Zamora-Gutierrez's motion would succumb to § 2255(f)'s limitations period.

The motion conditions whether the court should consider it as one under § 2255 on the motion being timely.  That condition is unmet and the court will abide that condition.[2]  The court thus declines to construe the filing as a § 2255 motion.

Neither Rule 60(b)(6) nor § 2255 provide procedural vehicles for Mr. Zamora-Gutierrez's request.  His motion fails to assert any other source of subject matter jurisdiction.  Absent authority to consider the motion, the court must dismiss it.[3]  *See James*, 728 F. App'x 822–23; *see also United States v. Asakevich*, 810 F.3d 418, 421 (6th Cir. 2016) (affirming district court's dismissal of post-conviction motion where, among other reasons for lack of jurisdiction, defendant "fails to identify any statute that would empower the district court to act").

The court next turns to the Motion for Compassionate Release.

### III.    Mr. Zamora-Gutierrez's Motion for Compassionate Release (Doc. 73)

Mr. Zamora-Gutierrez also filed a Motion for Compassionate Release due to the risk he faces as a federal inmate during the COVID-19 pandemic.  *See* Doc. 73 at 1–3.

#### A.  Legal standard

Title 18 U.S.C. § 3582(c) announces a general rule that the "court may not modify a term of imprisonment once it has been imposed[.]"  But the statute also recognizes certain exceptions.  Even after it has imposed a term of imprisonment, the sentencing court may modify that term "upon motion of the defendant after [1] the defendant has fully exhausted all administrative

---

[2]       "[W]ith § 2255 motions, peculiar concerns are implicated—namely, a court, by construing a litigant's motion 'as a first § 2255 motion . . . may make it significantly more difficult for that litigant to file another such motion.'"  *Edge*, 315 F. App'x at 95 (quoting *Castro v. United States*, 540 U.S. 375, 382 (2003)).  "For this reason, the Supreme Court limited the lower courts' power to recharacterize various pleadings into a litigant's *first* § 2255 motion."  *Id.*

[3]       The lack of subject matter jurisdiction means the court cannot consider whether Mr. Zamora-Gutierrez's waiver of his right to collaterally attack components of his sentence bars this motion.

rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A).  "Under that statute, a district court may reduce a sentence if, after considering any applicable sentencing factors in 18 U.S.C. § 3553, it finds 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'"  *United States v. Haynes*, 827 F. App'x 892, 895 (10th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request." *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (citations and internal quotation marks omitted) (vacating district court's Order denying motion under § 3582(c)(1)(A) and remanding with instructions to dismiss the motion for lack of jurisdiction); *see also United States v. Harris*, No. 15-40054-01-DDC, 2020 WL 7122430, at *1–2 (D. Kan. Dec. 4, 2020) (discussing our Circuit's reading of § 3582(c) as jurisdictional).

**B.  Discussion**

Mr. Zamora-Gutierrez requests a sentence reduction under § 3582(c)(1)(A).  The government asserts that Mr. Zamora-Gutierrez has not exhausted his administrative remedies "or even properly demonstrated that he has attempted to exhaust his administrative remedies" and that this court thus lacks jurisdiction.  Doc. 78 at 6.

Our Circuit's "cases require the movant to show that § 3582(c) authorizes relief for the court to have jurisdiction."  *Saldana*, 807 F. App'x at 820 (concluding that since defendant "is unable to show that he satisfies one of the specific categories authorized by section 3582(c), the district court lacked jurisdiction to consider [his] request" (citations and internal quotation marks

omitted)); *see also United States v. Zambrano-Sanchez*, No. 14-20038-JAR, 2020 WL 5877619, at *2 (D. Kan. Oct. 2, 2020) ("A defendant requesting compassionate release bears the burden of establishing that compassionate release is warranted under the statute.").

Here, Mr. Zamora-Gutierrez asserts that he "sent a copy of the petition to the warden" of FCI Yazoo City on April 20, 2020, that he followed all procedures, but had not heard back from the warden as of his May 28, 2020 dated motion.  Doc. 73 at 1, 4.  He provides the court with no evidence or exhibits showing that he submitted a compassionate release request to the warden of his facility.  *See id.* at 4; *cf. Zambrano-Sanchez*, 2020 WL 5877619, at *3 (noting that "it appears that [d]efendant made several compassionate release requests to the Warden at his facility" where defendant attached "multiple documents demonstrating his requests and denials for a reduction in sentence by the facility in which he is housed").  The court need not resolve this uncertainty, however, because the court lacks subject matter jurisdiction—as the following paragraphs explain.

Even if he meets the statutory exhaustion requirement, the court lacks subject matter jurisdiction because the motion fails to assert an extraordinary and compelling reason justifying relief.  Mr. Zamora-Gutierrez asserts merely that he faces risk due to his incarceration at a facility with confirmed cases of COVID-19.  *See* Doc. 73 at 1–2.  But our court has required more.  *See, e.g.*, *United States v. Johnson*, No. 15-40064-01-DDC, 2020 WL 5981676, at *2–3 (D. Kan. Oct. 8, 2020) (concluding that defendant demonstrated "extraordinary and compelling" reasons under § 3582(c)(1)(A)(i) where medical records confirmed that defendant suffered from multiple medical conditions that both DOJ and CDC deemed risk factors for complications from COVID-19); *United States v. Shehata*, No. 15-20052-01-JWL, 2020 WL 4530486, at *1 (D. Kan. Aug. 6, 2020) (granting motion for compassionate release where 60 year old defendant

incarcerated during COVID-19 pandemic suffered from conditions including type II diabetes, hypertension, hyperlipidemia, rheumatoid arthritis, thalassemia, and coronary disease). Even having some risk factors and actually suffering a prior bout of COVID-19 may not suffice to warrant relief under § 3582(c)(1)(A)(i). *See United States v. Triplett*, No. 02-40131-JAR, 2020 WL 5802120, at *4 (D. Kan. Sept. 29, 2020) (concluding that defendant did "not meet his burden to demonstrate extraordinary and compelling reasons warranting a reduction in his sentence" even though defendant "may have some risk factors relating to COVID-19" and "tested positive for the virus prior to filing his motion").

Here, Mr. Zamora-Gutierrez asserts no reason that satisfies the statute's standard of "extraordinary and compelling." 18 U.S.C. § 3582(c)(1)(A)(i). The court thus lacks subject matter jurisdiction to consider the motion for compassionate release. *See Saldana*, 807 F. App'x at 820–21. The court must dismiss it.

### C. Mr. Zamora-Gutierrez's Conduct Since Sentencing

The court notes that Mr. Zamora-Gutierrez details his personal development while serving his sentence. *See* Doc. 73 at 2–3. He discusses his steady employment and lists the various educational coursework and programs that he has utilized to educate himself and increase his professional opportunities upon release. *Id.*

The court might consider this kind of information when applying the 18 U.S.C. § 3553(a) sentencing factors to a proposed sentence modification. *See* 18 U.S.C. § 3553(a)(1) ("history and characteristics of the defendant"); *see also United States v. Mata-Soto*, No. CR 08-20160-01-KHV, 2020 WL 5981678, at *5 (D. Kan. Oct. 8, 2020) (considering defendant's participation in programs and apparent progress toward rehabilitation when balancing the § 3553(a) factors on a

motion for compassionate release).  But Congress has authorized the courts to modify a sentence under § 3582(c)(1)(A)(i) only where qualifying "extraordinary and compelling reasons" exist.

But the motion fails to meet that requirement and the court lacks subject matter jurisdiction.  This prevents the court from reaching the § 3553(a) analysis that might allow the court to consider Mr. Zamora-Gutierrez's commitment to personal development and education while incarcerated.  This restriction doesn't reduce the intrinsic value of his accomplishments.  It means, however, that they cannot provide a reason to grant the relief he seeks.

### D.  Conclusion

The court declines to grant the relief Mr. Zamora-Gutierrez seeks in either motion.  The court must dismiss his motion to amend his PSR (Doc. 79).  He cannot invoke Rule 60(b)(6) because it's a rule of civil procedure unfit for this criminal case.  And he cannot secure relief via § 2255 because he conditioned the motion's designation as one under § 2255 on a timeliness condition that remains unmet.  The motion fails to assert adequately a basis for subject matter jurisdiction.  So, the court must dismiss it.

Also, the court must dismiss the Motion for Compassionate Release (Doc. 73) for lack of subject matter jurisdiction.  The motion fails to show an extraordinary and compelling reason under § 3582(c)(1)(A)(i).  The court lacks jurisdiction for that motion too.  So, the court dismisses it as well.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Zamora-Gutierrez's "Motion for relief from a Judg[ ]ment By Correcting Pre-sentence Investigation Report" (Doc. 79) is dismissed.

**IT IS FURTHER ORDERED** that Mr. Zamora-Gutierrez's "Compassionate Release Petition" (Doc. 73) is dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**Dated this 8th day of December, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**